UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | NO: 2:06-CR-20 |
| | ) | JUDGE GREER |
| ANTHONY GUDGER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), [Doc. 412], based on the 2007 amendment to the Sentencing Guidelines which reduces the base offense level for crack cocaine offenses (Amendment 706) and which was made retroactive effective March 3, 2008. *See* USSG § 1B1.10 (revised Dec. 11, 2007). For the reasons which follow, the defendant's motion will be **DENIED**.

The defendant, upon his plea of guilty, was convicted of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 846, 841(a)(1) and (B)(1)(A). Applying the 2006 version of the Sentencing Guidelines, his base offense level was determined to be 32 (for offenses involving at least 50 grams, but less than 150 grams, of crack cocaine). The base offense level was reduced three levels pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of 29. The defendant's criminal history category was III, resulting in a guideline range of imprisonment of 108 to 135 months; however, because defendant was subject to a 20 year mandatory minimum sentence by statute, his guideline range was restricted to 240 months. The motion of the United States to depart downward pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 was granted, and the defendant was sentenced, on September 10, 2007, to a term of 120 months imprisonment.

Applying Amendment 706 to the present case results in a guideline range that falls below the mandatory minimum 20-year sentence. Post-amendment, the base offense level and the total offense level become 27. With a criminal history category III, the amended guideline range becomes 87 to 108 months, which results in a restricted range of 240 months given the statutory mandatory minimum sentence. The defendant has a projected release date of March 14, 2015.

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The 2007 amendment, effective November 1, 2007, generally reduced by two levels the offense level applicable to crack cocaine offenses.

Both § 3582(c)(2) and revised § 1B1.10(a) provide for a reduction in sentence only for a defendant who is serving a sentence of imprisonment based on a guideline sentencing range subsequently lowered as the result of an amendment to the sentencing guidelines. Since the defendant's guideline range has not been lowered, i.e., below 240 months, he does not fall within the plain terms of either the statute or the revised guidelines. In other words, if the defendant were sentenced today under the 2007 Guidelines, his Guidelines range would be 240 months. Thus, this Court is constrained to find, upon the facts of this case and upon the plain language of § 3582(c), that this Court does not have the authority to reduce defendant's sentence. Because the defendant was subject to a statutory mandatory minimum term of 240 months, Amendment 706, even if it had been in effect at the time of the defendant's sentencing, would not have lowered the applicable

guideline range. The defendant was subject to the minimum mandatory term of imprisonment provided by 21 U.S.C. § 841(b)(1)(A) both before and after Amendment 706. Accordingly, § 3582(c) does not authorize a reduction in his sentence.

In addition, § 3582(c)(2) authorizes a reduction of the term of imprisonment only in the case of a term of imprisonment based on a sentencing range that has subsequently been lowered. In this case, the defendant's sentence was determined not by reference to a guideline range but rather to the statutory mandatory minimum sentence. While the statutory mandatory minimum was excused in this case because a government motion was made pursuant to 18 U.S.C. § 3553(e), the ultimate sentence was not a guideline sentence, but rather a statutory sentence authorized by 18 U.S.C. § 3553(e). *See* 18 U.S.C. § 3553(e). ("Upon motion of the Government, the Court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation and prosecution of another person who has committed an offense.") Therefore, this case would not fall within the provisions of § 3582(c) so as to authorize a further reduction in the defendant's sentence.

Even if the defendant asserted, which he does not, that Amendment 706 and § 3582(c) authorize a sentence comparably less than the amended guideline range in this case, this Court would, nevertheless, deny defendant's motion. In determining whether a reduction is appropriate and the extent of the appropriate reduction, 18 U.S.C. § 3582(c)(2) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a). Section 1B1.10 further requires the court to consider public safety considerations, i.e. "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment ." USSG § 1B1.10, App. Note 1(B)(ii). Additionally, the court "may consider post-sentencing conduct of the defendant that

occurred after imposition of the original term of imprisonment." USSG § 1B1.1, App. Note 1(B)(iii).

The defendant advances no factors justifying a further reduction in sentence. At the time of sentencing, the defendant avoided the application of the mandatory minimum term of imprisonment of 240 months by virtue of the government's motion pursuant to § 3553(e) and was sentenced to a term of imprisonment of 120 months, a reduction of 50 percent from the mandatory minimum term of imprisonment. In addition, the public safety considerations indicate that no further sentence reduction is warranted in this case. The defendant is a repeat drug offender, having been convicted on October 17, 2000, of the felony offense of possession of a Schedule II controlled substance, cocaine, for resale. The facts underlying the defendant's conviction in the instant case establish that he was distributing multiple ounce quantities of crack cocaine to various customers in the Eastern District of Tennessee. The conspiracy in this case involved numerous co-conspirators and large quantities of crack cocaine.

Furthermore, the defendant has numerous other criminal convictions and several other arrests. This record establishes that the defendant is a serious risk for recidivism and represents a serious danger to the community by a reduction in his term of imprisonment. Given all these circumstances, this Court would conclude, even if it had the authority to reduce the defendant's sentence, that a reduction in sentence is not appropriate under the circumstances of this case.

In summary, this Court concludes that it lacks authority under § 3582(c) to reduce the defendant's term of imprisonment. Furthermore, even if the Court has such authority, this Court would, after consideration of the factors set forth in 18 U.S.C. § 3553(a) and public safety considerations, exercise its discretion and deny the motion for reduction of sentence. For all these

reasons, the defendant's motion for reduction of sentence, [Doc. 412], is **DENIED**. In addition, by standing order of the Court, the Federal Public Defender has been appointed to this case; however, a representative of that office has not entered an appearance. Thus, the Clerk is **DIRECTED** to send a copy of this Order to that office in case the defendant wants to appeal.

  SO ORDERED.

  ENTER:

                s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE